# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MORY RUSSELL et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00871-RCJ-VPC |
| vs. ) | |
| ) | |
| BANK OF AMERICA, N.A. et al., ) | ORDER |
| ) | |
| Defendants. ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists three causes of action: (1) Wrongful Foreclosure; (2) Declaratory Relief; and (3) Injunctive Relief. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants have moved to dismiss, and Plaintiffs have moved to remand. For the reasons given herein, the Court denies both motions.

I.  **THE PROPERTY**

Plaintiffs Mory W. and Evelyn D. Russel gave lender Bank of America, N.A. ("BOA") a $213,600 promissory note secured by a deed of trust ("DOT") against real property located at 17618 Elk Ct., Reno, NV 89506 (the "Property"). (*See* DOT 1–2, Nov. 29, 2007, ECF No. 1-1, at 25). PRLAP, Inc. was the trustee, and MERS is not listed on the DOT. (*See id.* 2) MTC Financial, Inc., d.b.a. Trustee Corps ("Trustee Corps") substituted itself as trustee, as agent for BAC Home Loans Servicing, LP ("BAC"). (*See* Substitution, Sept. 20, 2010, ECF No. 1-1, at 51). First American Title Co. ("First American") filed the notice of default ("NOD") as agent for Trustee Corps based on a default of unspecified amount as of June 1, 2010. (*See* NOD, Sept.

20, 2010, ECF No. 1-1, at 45). Trustee Corps scheduled a trustee's sale for October 31, 2011. (*See* Notice of Trustee's Sale 1–2, Sept. 29, 2011, ECF No. 1-1, at 48). The above-cited documents are attached to the Complaint. Defendant Trustee Corps has also adduced a copy of its limited power of attorney ("LPOA") from BAC. The LPOA, signed by a Vice President of BAC, notes that BAC is a subsidiary of BOA, and it grants Trustee Corps the power to execute substitutions of trustee and assignments of mortgages for BAC. (*See* LPOA, Feb. 5, 2010, ECF No. 8-3). The state Foreclosure Mediation Program ("FMP") does not apply to the Property. (*See* FMP Certificate, Aug. 9, 2011, ECF No. 1-1, at 42).

## II.  ANALYSIS

There are two potential problems with the foreclosure. First, First American filed the NOD, but there is no extrinsic evidence of its agency on behalf of Trustee Corps other than First American's own say-so on the NOD, and the Court typically leaves this fact pattern for summary judgment. Second, BAC may be a subsidiary of BOA, but it doesn't claim to have been assigned the note or DOT from BOA. Even if Trustee Corps had the ability to substitute trustees on behalf of BAC because of the LPOA, as a subsidiary BAC is a different entity from BOA with no automatic power to authorize a substitution of trustee as to BOA's mortgage in the present case unless BOA had transferred the note to BAC or BAC had its own power of attorney from BOA authorizing it to substitute trustees. The Court will therefore not dismiss the claim for statutorily defective foreclosure at this time.[1]

Plaintiffs have also moved to remand. The Court denies the motion. Plaintiffs argue that state courts, including the Nevada Supreme Court, "are expanding rights and scrutiny of the nonjudicial foreclosure process." This is true, but it is not a legitimate reason to remand without

---

[1] The Court notes that there is no question of default, and the common-law wrongful foreclosure claim is therefore dismissed, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983), though the Court will still consider that claim as a statutorily defective foreclosure claim.

1  more, and although the amendments to the recording and foreclosure statutes contained in
2  Assembly Bills 284 and 273 became effective on October 1, 2011, those amendments apply only
3  to assignments and notices of default executed on or after that date. *See* Assemb. B. 273 § 5.9,
4  76th Leg., Reg. Sess. (Nev. 2011).  This Court has a duty to hear all cases in which its subject
5  matter jurisdiction is properly invoked, except where the Court should abstain.  Plaintiffs do not
6  identify a proper grounds for abstention in this case.  They do not, for example, allege that a state
7  court obtained in rem jurisdiction over the Property in another case before the present case was
8  filed, or that an interpretation of a state statute is required before testing the statute against a
9  federal constitutional provision.  Plaintiffs allege no parallel state proceedings at all in this case.
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 8, 23) are GRANTED in part and DENIED in part. The common law wrongful foreclosure claim is dismissed but will be considered as a statutorily defective foreclosure claim, and that claim is not dismissed.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that the Motion to Certify (ECF No. 24) and the Motions to Intervene (ECF Nos. 29, 31) for the purpose of consolidation and certification are DENIED. The issues of state law presented in this case are exceedingly familiar to the court and are not novel, and the certification of the issues to the Nevada Supreme Court will not advance the resolution of this case. Also, the questions suggested to be certified are irrelevant to the present case, limiting themselves by their terms to the "context of the Nevada Foreclosure Mediation Program."

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge